**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**TIMOTHY ABEITA ROMERO,**

        **Plaintiff,**

    **v.**                         **No. _____**

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT
FOR DAMAGES CAUSED BY NEGLIGENCE**

Plaintiff, Timothy Abeita Romero, avers for his complaint the following:

1. Plaintiff brings this civil action for compensatory damages arising from the negligence of personnel at the Acoma Canoncito Laguna Hospital ("ACL") located in San Fidel, New Mexico, a facility operated by or through the United States and the Indian Health Service.

**JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

2. Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.*, and also pursuant to 28 U.S.C. §1331.

3. Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

4. The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

5. Federal employees include, but are not limited to, employees of the Indian Health Service and to contractors and organizations such as ACL might be, and its

1

governing board.

6.      At all times material to this case, defendant United States controlled, owned, and operated ACL.

7.      ACL may be a facility operated by a tribal contractor through the U.S. Department of Health and Human Services and the Indian Health Service, with funding provided through Public Law 93-638, the Indian Self-Determination and Education Assistance Act. If so, the FTCA applies to ACL in the same manner and to the same extent as it does to the United States Department of Health and Human Services, and to the Indian Health Service.

8.      ACL provides medical care to Native Americans who are members of recognized tribes, pursuant to various federal statutes and other law.

9.      At all times material to this case, defendant United States, acting through the Indian Health Service and ACL, held itself out to have the ability to provide medical care to members of recognized tribes, including the ability to diagnose and treat appendicitis, at the ACL facility.

10.     Plaintiff presented to the Department of Health and Human Services in March 21, 2012, a timely administrative claim under the FTCA alleging negligence by "employees" at ACL in the provision of medical care to plaintiff.

11.     Defendant has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiff.

12.     Plaintiff's federal tort claim was expressly denied in writing by the United States Department of Health and Human service on or about April 27, 2016.

13.     Plaintiff filed a request for reconsideration with the Department of Health and Human Services on June 29, 2016, and plaintiff's request was denied in writing on July 27, 2016.

14.     Plaintiff has now exhausted his administrative remedies as required by the FTCA.

15.     Plaintiff is authorized by statute to file this action in the United States District Court for the District of New Mexico.

16.     Plaintiff is a tribal member of the Laguna Tribe. At all times material hereto, he resided near Laguna, New Mexico.

17.     Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

18.     On June 28, 2010, plaintiff Timothy Abeita Romero went to ACL and complained of right-sided abdominal pain that intensified with movement or deep breathing, along with symptoms of nausea and vomiting. Plaintiff was treated with pain medication and then he was released.

19.     Plaintiff returned to ACL facility on June 30, 2010 with complaints of continued right-sided abdominal pain with symptoms of nausea and vomiting. Plaintiff was diagnosed with abdominal pain and possible sepsis, and he was airlifted to a tertiary care facility in Albuquerque, New Mexico for emergent care.

20.     The tertiary facility admitted plaintiff, and they diagnosed him with septic shock from an intra-abdominal catastrophe, ultimately due to a perforated appendix with feculent peritonitis. Plaintiff remained in the intensive care unit at the tertiary facility on full ventilator support for the first several weeks of his hospitalization. During that time,

plaintiff underwent multiple surgeries and was left with an ileostomy drainage bag. Once plaintiff's condition had stabilized, he was transferred to a skilled nursing facility for additional rehabilitation and wound care.

### CAUSE OF ACTION - DUTY, NEGLIGENCE, & CAUSATION

21.     Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of this count.

22.     The United States is legally responsible for the negligent actions of its employees, including employees of ACL, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

23.     The involved staff who participated in plaintiff's care at ACL, during the time period complained of, were employees of the Indian Health Service and ACL.

24.     Those employees at ACL were on the job performing job-related duties at the time they caused plaintiff's injury.

25.     The United States is liable for the negligent acts and omissions of ACL staff members in their handling of plaintiff's abdominal pain and his medical condition around, and on and after June 28, 2010. It is also liable for the medical care and misdiagnosis given negligently to plaintiff during that time period at ACL.

26.     The involved staff at ACL had a duty to exercise reasonable care, and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

27.     The involved staff at ACL breached their duty of reasonable care owed to plaintiff and are guilty of the following negligent actions and omissions by failing to

measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

       a)    failing to give a proper and thorough physical exam and recognize the severity of plaintiff's condition;

       b)    failing effectively to evaluate and determine plaintiff's need for hospitalization and to refer him to the hospital for admission;

       c)    misdiagnosing plaintiff's condition as a less serious illness;

       d)    failing to provide a differential diagnosis;

       e)    failing to render appropriate treatment in a timely manner, including surgery; and

       f)    negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of emergency medicine while rendering emergency medical attention, and in further particulars that at this time are not known to plaintiff as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery in the course of the litigation.

28.    The negligent actions and omissions of employees of ACL in failing to provide plaintiff with proper medical care during, and on and around the time of his June 28, 2010 visit, caused injury to plaintiff, and were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of New Mexico, the place where the incident occurred, if the United States were a private individual guilty of the same negligence.

29.    At all times material hereto, plaintiff was a patient of ACL and the Indian Health Service, an agency of the United States Department of Health & Human

Services, and was in the care and custody of ACL and dependent on the involved facility staff for his safety and medical care.

30.     Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and safe medical care for plaintiff, which gives rise to a negligence cause of action against defendant, as laid out herein.

31.     As a direct and proximate result of the negligence of defendant United States and its employees, plaintiff suffered serious injury and harm.

## DAMAGES

32.     Under the FTCA and the law of the place of the wrong, the State of New Mexico, plaintiff is entitled to compensatory damages for his losses, both special and general, including nature, duration, and extent of injury, past and future medical expense, loss of earning capacity, non-medical expense incidental to his injuries, emotional distress and suffering, physical pain, a loss of enjoyment of life, loss of household services, disfigurement and scarring, mental anguish, and future damages caused by the negligence of the United States. Defendant United States is liable to plaintiff for his losses and he hereby claims a right to recover all allowable damages recognized by New Mexico law, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiff prays the court to enter judgment for him and to order that he be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as the court adjudges proper under the laws and rules that govern this case.

BARBER & BORG, LLC


/s/ Scott E. Borg, Esq.
Scott E. Borg, Esq.
P.O. Box 30745
Albuquerque, NM 87190-0745
3816 Carlisle Blvd, NE Suite C (87107)
(505) 884-0004
(505) 884-0077 (fax)
Email: scott@barberborg.com

ATTORNEY FOR PLAINTIFF